1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT JOHNSON,                          No. 2:14-cv-1111 KJM KJN

12              Plaintiff,

13       v.                                  ORDER

14   MCMAHAN-KAYS, LLC,

15              Defendant.

16

17              Plaintiff has filed an application for an order authorizing service of summons and

18   complaint on defendant by delivery to the Secretary of State's office.  Appl., ECF No. 9.

19   I.  BACKGROUND

20              On May 6, 2014, plaintiff filed a complaint alleging that defendant McMahan

21   Kays LLC owns or operates California Furniture in Manteca, a business not in compliance with

22   the Americans with Disabilities Act in several ways.  Compl.,  ECF No. 1.

23              On September 3, 2014, plaintiff filed a declaration in support of a motion for

24   additional time in which to serve defendant, but because it was not accompanied by a motion, the

25   court struck the declaration.  ECF Nos. 4, 5.

26              On September 26, 2014, the court issued an order directing plaintiff to show cause

27   why the case should not be dismissed for failure timely to serve defendant.  Order, ECF No. 8.

28   /////

1

Plaintiff did not respond to the order but instead filed the instant application on September 30, 2014.

II.  ANALYSIS

Under Rule 4(m) of the Federal Rules of Civil Procedure, service on defendants must be made within 120 days of the filing of the complaint.  Service of process is the mechanism by which a court "acquires the power to enforce a judgment against the defendant's person or property."  *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation & internal quotation omitted).  If a plaintiff does not show good cause for failure timely to effect service, the court has the discretion to dismiss the complaint.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  It is plaintiff's burden to demonstrate good cause.  *Habib v. Gen. Motors Corp*., 15 F.3d 72, 73 (6th Cir. 1994), superseded on other grounds by Rule 4(m) as recognized in *Wise v. Dept. of Defense*, 196 F.R.D. 52 (S.D. Ohio 1999).  "At a minimum, 'good cause' means excusable neglect."  *Full Circle Sales, Inc. v. Organic Alliance, Inc*., No. 10-CV-01615 LHK, 2010 WL 3324707, at *1 (N.D. Cal. Aug. 20, 2010).

To be timely, service of summons and complaint in this case should have been accomplished by September 4, 2012.   Although not responding to the order to show cause, plaintiff has supported the instant application with documents showing the attempts his process servers have made to serve defendant's agent for service of process.  Decl. of Mark Potter, ECF No. 9-1 & Exs. 1-3.  This is a sufficient showing to extend the time for service of process.  However, as plaintiff did not acknowledge the court's order to show cause, he will be sanctioned.

Citing to California Corporations Code § 17061(c)(1), repealed effective January 1, 2014, plaintiff seeks authorization to serve defendant by delivering a copy of the summons and complaint to the Secretary of State's office.   ECF No. 9 at 4.  The correct provision, 1702(a) of the Corporations Code provides in relevant part:

> If an agent for the purpose of service of process . . . cannot with reasonable diligence be found at the address designated for personally delivering the process . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand . . . the court may make an order that the service be made upon the corporation by delivering by hand to the

1    Secretary of State . . . one copy of the process for each defendant to
     be served, together with a copy of the order authorizing such
2    service.

3         As noted, plaintiff has submitted the reports of his process servers, documenting

4    their attempts to serve the agent for service of process at the address listed with the Secretary of

5    State's Office and then at another address counsel located.  ECF No. 9-1 & Exhibits.   This

6    attempts support his request for an order authorizing service by delivery to the Secretary of

7    State's office.

8         IT IS THEREFORE ORDERED that:

9         1.  Plaintiff is given additional time, up to and including fourteen days from the

10   date of this order to serve defendant;

11        2.  Plaintiff may serve defendant by delivering a copy of the summons and

12   complaint by hand on the Secretary of State's office, to be completed within fourteen days of the

13   date of this order; and

14        3.  Plaintiff is sanctioned in the amount of $250 for failing to address the court's

15   order to show cause, payable within fourteen days of the date of this order.

16   DATED:  October 6, 2014.

17

18   _____

19   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

3